UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DAVID DEMEDICIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-5973 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CVS HEALTH CORP. and | ) | |
| CVS PHARMACY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 30, 2016, Plaintiff David DeMedicis filed a First Amended Complaint ("FAC") on behalf of himself and a putative class, alleging a violation of the Uniform Deceptive Trade Practices Act ("UDTPA"), 815 Ill. Comp. Stat. 510/1 *et seq.*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, unjust enrichment, and claims under similar state consumer-fraud statutes. Defendants filed a Motion to Dismiss [18] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants also filed a Motion to Strike [16] the class allegations from the FAC. For the reasons discussed below, Defendants' Motion to Strike [16] is denied. Defendants' Motion to Dismiss [18] is granted.

### BACKGROUND

Plaintiffs i a resident of Cook County, Illinois. (Compl. ¶ 5.) Defendant CVS Health Corporation is a Delaware corporation with its principal place of business in Rhode Island. (*Id.* ¶ 6.) Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. (*Id.* ¶ 7.)

CVS Pharmacy, Inc. distributes "Assorted Citrus Vitamin C Supplement Drops" (the "Supplements"). (*Id.* ¶ 9.) Between November 2015 and June 2, 2016, Plaintiff purchased Supplements from a CVS store in Cook County, Illinois. (*Id.* ¶ 11.) The Supplements packaging state that the drops are "Made in U.S.A." (Dkt. 19, Exh. 1.)[1]

Plaintiff alleges that the Vitamin C in the Supplements is sourced from foreign countries. (*Id.* ¶ 13.) Plaintiff further alleges that "Made in U.S.A." is misleading and inaccurate and that Defendants placed the label on the Supplements with the intention that consumers rely on it. (*Id.* ¶ 14.) Plaintiff represents that he was willing to pay a higher price for American-made goods. (*Id.* ¶ 17.) Plaintiff also alleges that he paid more for the products than they were actually worth. (*Id.* ¶ 20.) Finally, Plaintiff alleges that he is likely to be injured in the future because several items are mislabeled as to the source of the product. (*Id.* ¶¶ 21-22.)

## LEGAL STANDARD

*Motion to Dismiss*

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair

---

[1] Plaintiff incorrectly alleges that the packaging states "Made in the U.S.A." (Compl. ¶ 12.)

2

notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56. However, that presumption of truth does not apply to conclusory allegations. *Iqbal*, 556 U.S. at 681(2009).

*Motion to Strike Class Allegations*

Under Federal Rule of Civil Procedure 23(c)(1)(A), "[a]t an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). A court may deny class certification even before plaintiff requests it. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). A plaintiff seeking class certification must show the proposed class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. First, under Rule 23(a), the plaintiff must satisfy the following four prerequisites: (1) joinder of all potential class members is impracticable ("numerosity"); (2) there are common questions of law or fact ("commonality"); (3) the claims or defenses of the representative parties are typical of the rest of the class ("typicality"); and (4) the class representative adequately and fairly represents the class ("adequacy"). Fed. R. Civ. P. 23(a); *see also Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892-93 (7th Cir. 2012). Second, the plaintiff must also satisfy at least one subsection of Rule 23(b). Failing to fulfill Rule 23(a) or 23(b) bars certification, but fulfilling both categorically entitles certification. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

# ANALYSIS

*Motion to Dismiss*

## UDTPA

In Count I, Plaintiff alleges Defendants violated the UDTPA by labeling their Vitamin C drops and other products containing vitamins with false statements of origin. *See* 815 Ill. Comp. Stat. 510/2(a)(4) ("A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: . . . uses deceptive representations or designations of geographic origin in connection with goods or services."). Plaintiff seeks injunctive relief.

To obtain injunctive relief under the UDTPA, Plaintiff must sufficiently allege that Defendants' conduct will cause him harm in the future. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740-41 (7th Cir. 2014) (citing *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 857 (Ill. App. Ct. 2009) ("To be eligible for injunctive relief under the Deceptive Practices Act, a plaintiff must show that the defendant's conduct will likely cause it to suffer damages in the future.")). "The problem inherent in such consumer actions is the inability to allege facts which would indicate that the plaintiff is 'likely to be damaged.' Ordinarily, the harm has already occurred, thus precluding a suit for injunctive relief." *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 918 (N.D. Ill. 2013) (quoting *Brooks v. Midas-Int'l Corp.*, 361 N.E.2d 815, 821 (Ill. App. Ct. 1977)).

Plaintiff claims that because he has been misled by the Supplements label in the past, he is likely to be misled in the future by other labels. However, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Plaintiff has not alleged that he is likely to keep buying

products from Defendants with the knowledge of their allegedly deceptive practices. Plaintiff is now aware that Defendants allegedly deceptively label products as "Made in U.S.A." and, as such, is not likely to be harmed in the future. Defendants' Motion to Dismiss is granted without prejudice as to Count I.

## ICFA

In Count II, Plaintiff alleges that Defendants violated the ICFA by labeling their Vitamin C drops and other products containing vitamins with false statements of origin. *See* 815 Ill. Comp. Stat. 505/2 (defining as unlawful "the use or employment of any practice described in Section 2 of the [UDTPA]"). "The elements of a claim under ICFA are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (citing *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002); *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 665 (7th Cir. 2008)). Further, Plaintiff must allege actual damages proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002).

Defendants argue that Plaintiff has not sufficiently alleged actual damages. Plaintiff does not allege that, but for the alleged deception, he would not have purchased the Supplements. *See Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 911-12 (N.D. Ill. 2011) (finding actual damages where plaintiffs alleged that they would not have purchased the product absent the alleged deception). Nor does Plaintiff allege that he did not purchase another, less-expensive brand of Vitamin C drops because of the alleged deception. Plaintiff merely alleges that he prefers products made in the United States and that he is willing to pay a premium for them.

(Compl. ¶ 17.) However, Plaintiff does not allege that the Supplements were more expensive because they were marked "Made in U.S.A." Plaintiff has not alleged that he suffered actual damages under the ICFA. *See Moyer v. Michaels Stores, Inc.*, No. 14-cv-561, 2014 WL 3511500, at *7 (N.D. Ill. July 14, 2014) (holding that plaintiff failed to plead actual damages where plaintiff had not sufficiently pled enough facts to support an inference that store charged customers more for data security protection).

Defendants' Motion to Dismiss is granted without prejudice as to Count II.[2]

## Unjust Enrichment

In Count III, Plaintiff alleges that Defendants have been unjustly enriched by their conduct. "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). However, when improper conduct is insufficient to form the basis of an ICFA claim, it is also insufficient to establish unjust enrichment. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011). Defendants argue that an alleged violation of a consumer's right to know the origin of a product does not support an unjust-enrichment claim, that Plaintiff has failed to allege Defendants charged more for the Supplements due to the "Made in U.S.A." labelling, and that the money-back guarantee negates the availability of unjust enrichment. Plaintiff failed to respond to any of these arguments in the Motion to Dismiss, which results in waiving those

---

[2] Plaintiff also argues that he meets the heightened pleading standard of Federal Rule of Civil Procedure 9(b). However, Defendants do not challenge the sufficiency of the FAC on that basis, so those arguments are not addressed.

arguments. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Defendants' Motion to Dismiss is granted without prejudice as to Count III.

Similar State Statutes

In Count IV, Plaintiff alleges a purely class-based claim on behalf of others for violations of similar state consumer fraud statutes in other states: California, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. Defendants argue that this Court has no personal jurisdiction over the potential out-of-state class members' claims.

Personal jurisdiction refers to a court's "power to bring a person into its adjudicative process." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). The federal test for personal jurisdiction requires that the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Federal personal jurisdiction is proper where a defendant would be subject to the general jurisdiction of the state in which the federal court sits, subject to the minimum-contacts test. *KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). The plaintiff bears the burden of establishing that personal jurisdiction exists. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011)). The affiliation with the State "must be so extensive to be tantamount to [Defendants] being constructively present in the state to such a

7

degree that it would be fundamentally fair to require it to answer in an [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). Plaintiff admits that there is no general personal jurisdiction. Therefore, Plaintiff must show specific personal jurisdiction.

Specific personal jurisdiction is appropriate where: "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Specific personal jurisdiction must still comport with traditional notions of fair play and substantial justice. *Id.* (citing *Int'l Shoe*, 326 U.S. at 316). Several factors are relevant in making a determination of whether exercising specific personal jurisdiction comports with traditional notions of fair play and substantial justice: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012) (citing *Burger King*, 471 U.S. at 477 (internal quotation marks omitted)). To exercise specific personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The connection "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* at 1122 (citing *Burger King*, 471 U.S. at 475).

Defendants argue that potential out-of-state class members' claims arise from Defendants' conduct in those states. Because specific personal jurisdiction is based on claims arising out of a defendant's conduct within the forum state, this Court has no jurisdiction over claims based on out-of-state consumer fraud laws.

Plaintiff cites several cases from the Eastern District in Missouri in support of exercising personal jurisdiction over out-of-state plaintiffs, but those cases were remanded to state court because the joinder of out-of-state plaintiffs destroyed diversity. *See Clark v. Pfizer, Inc.*, No. 4:15CV546 HEA, 2015 WL 4648019, at *3 (E.D. Mo. Aug. 5, 2015) (". . . this Court will remand this matter and leave to the learned state court the question of personal jurisdiction." (internal citation and quotation omitted)); *Bradshaw v. Mentor Worldwide, LLC*, No. 4:15-CV-332 SNLJ, 2015 WL 3545192, at *3 (E.D. Mo. June 4, 2015) (". . . this Court has granted motions to remand because diversity jurisdiction - and therefore subject matter jurisdiction - did not exist. The Court will do so here, as well."); *Gracey v. Janssen Pharm., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *4 (E.D. Mo. May 4, 2015) (finding that non-diverse parties were not fraudulently misjoined and remanding to state court); *Parker v. Pfizer, Inc.*, No. 4:15-CV-441 CAS, 2015 WL 3971169, at *4 (E.D. Mo. June 30, 2015) (remanding to state court for lack of diversity and noting that personal jurisdiction would not be discussed).

As Defendants argue, "[p]ersonal jurisdiction over the defendant must be established as to each claim asserted." *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1048-49 (N.D. Ill. 2016). Here, Plaintiff has not established personal jurisdiction over the out-of-state claims as he is the sole connection between Defendants and Illinois. *See Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *8 (N.D. Ill. Feb. 1, 2016) (finding no personal jurisdiction over out-of-state plaintiffs "where

each plaintiff's claim is predicated on the law of the particular state where he or she purchased a car and the claims of the other plaintiffs as alleged remain unrelated to anything that transpired in Illinois").

Defendants' Motion to Dismiss Count IV is granted for lack of personal jurisdiction to the extent that Count IV alleges violations of non-Illinois consumer fraud statutes.

*Motion to Strike*

Defendant has also moved to strike the class allegations in the FAC. Plaintiff seeks to represent a class composed of and defined as:

> All persons in states which have enacted the Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, or any act similar in substance, who, within the applicable limitations period, have within any of those states, purchased vitamin C drops or have purchased CVS-branded products with vitamins, which products were labeled "Made in the U.S.A." or were otherwise labeled as "USA-Sourced."

(FAC ¶ 23.) In the alternative, Plaintiff seeks to represent a class composed of and defined as:

> All Illinois residents who, within the applicable limitations period, have purchased vitamin C drops or have purchased CVS-branded products with vitamins, which products were labeled "Made in the U.S.A." or were otherwise labeled as "USA-Sourced."

(*Id.* ¶ 24.) As discussed above, there is no personal jurisdiction over out-of-state plaintiffs' claims; therefore, the first proposed class is inappropriate. Defendants argue that the class allegations should be struck because: the proposed class is overbroad and indefinite, the proposed class would require individual hearings, Plaintiff is not an adequate class representative, individual issues predominate over common issues, and class action is not a superior vehicle for Plaintiff's claims.

### Overbroad and Indefinite

Defendants argue that the proposed class is overbroad and indefinite. Under Rule 23 a class must be defined "clearly and based on objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1161, 194 L. Ed. 2d 175 (2016). Defendants argue that the class is overbroad because it would include people who are satisfied with the purchase, people who never saw "Made in U.S.A." on the packaging, those who bought the product for other reasons, and others groups unlike the Plaintiff. While Plaintiff's proposed class may be overly broad at this point, the solution to that would be to "refine the class definition rather than by flatly denying class certification on that basis." *Messner v. Northshore University HealthSystem*, 669 F.3d 702, 825 (7th Cir. 2012). At this point, deciding whether a proposed class is vague and overbroad is premature. *See De Falco v. Vibram USA, Inc.*, No. 12-cv-07238, 2013 WL 1122825, at *9 (N.D. Ill. Mar. 18, 2013) ("While there may indeed be issues with the proposed class, the Court believes it is premature to engage in this analysis at the motion to dismiss stage. Rather, these issues are better raised after the parties have had an opportunity to conduct class discovery and fully brief the motion for class certification.").

### Individual Hearings

Defendants also argue that the proposed class would require individual hearings, making it inappropriate for certification. Specifically, they argue that the Court would have to hold individual hearings to determine what each class member purchased, when they made the purchase, and where they made the purchase because there is likely no documentation. However, the Seventh Circuit has warned against using a lack of documentation to necessarily preclude class certification. *Mullins*, 795 F.3d at 658 (holding "heightened ascertainability . . .

gives one factor in the balance absolute priority, with the effect of barring class actions where class treatment is often most needed: in cases involving relatively low-cost goods or services, where consumers are unlikely to have documentary proof of purchase.")

Adequate Class Representative

Defendants argue that Plaintiff is not an adequate class representative. Under Rule 23(a)(4), a court may certify a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Defendants argue that this action is unnecessary because a money-back guarantee is already available. *See In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748, 752 (7th Cir. 2011) ("A representative who proposes that high transaction costs (notice and attorneys' fees) be incurred at the class members' expense to obtain a refund that already is on offer is not adequately protecting the class members' interests."). However, as Plaintiff points out, there is currently no information in the record about the money-back guarantee. At this point, it is premature to strike class allegations on the basis of whether Plaintiff would be an adequate class representative.

Individual Issues

Defendants argue that individual issues would predominate over class issues. Defendants claim that the only common issue is whether the words "Made in U.S.A." are deceptive and that each individual's reason for purchasing the product would have to be examined. However, as the Seventh Circuit has held, "[p]roximate cause . . . is necessarily an individual issue and the need for individual proof alone does not necessarily preclude class certification." *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010). Whether individual issues as a whole would predominate over common issues is a fact-intensive question that is not properly decided at this stage. *See Boatwright v. Walgreen Co.*, No. 10-cv-03902, 2011 WL 843898, at *2 (N.D. Ill.

Mar. 4, 2011) ("At this procedural stage, the Court is not equipped with the information needed to conduct the rigorous analysis required to determine whether Rule 23's requirements have been satisfied.").

<u>Class Action Superiority</u>

Finally, Defendants argue that a class action would not be a superior method for adjudicating Plaintiff's claims. Defendants argue that the variation between state statutes make a class action unwieldy. However, as discussed above, there is no specific personal jurisdiction for any out-of-state class member's claims.

Defendants' Motion to Strike [16] the class allegations is denied without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [18] is granted without prejudice. Plaintiff may file, within thirty days of the entry of this Order, an amended complaint if they can do so in compliance with Rule 11. Defendant's Motion to Strike [16] class allegations is denied without prejudice.

Date: _____February 13, 2017_____  /s/ _____
JOHN W. DARRAH
United States District Court Judge